FILED
May 13, 2019
09:56 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| ISRAEL LARA, | ) | Docket No. 2016-02-0501 |
| Employee, | ) | |
| v. | ) | |
| PROGRESS RAIL SERVICES, | ) | State File No. 94197-2015 |
| CORP., | ) | |
| Employer, | ) | |
| and | ) | |
| LIBERTY MUTUAL, | ) | Judge Brian K. Addington |
| Carrier. | ) | |

---

## EXPEDITED HEARING ORDER

---

The Court conducted an Expedited Hearing on May 8, 2019, on Mr. Lara's entitlement to additional medical benefits and temporary disability benefits. The medical evidence indicates Mr. Lara does not need medical treatment for his injury, and he provided no work excuse in excess of a week's duration. Thus, Mr. Lara did not come forward with sufficient evidence that he would likely prevail at a hearing on the merits, and the Court denies the requested benefits.

### History of Claim

Mr. Lara worked as a general laborer for Progress Rail Services Corporation. He suffered pain in his low back on November 17, 2015, when a co-worker dropped the other side of material the two were holding. Mr. Lara was unable to continue work that day and reported the injury to his supervisor. When he continued to complain about the pain, Progress Rail provided medical treatment the next day.

Mr. Lara first treated with Medical Care on November 19. X-rays indicated degenerative disc narrowing and chronic discogenic sclerosis at L5-S1. The providers gave him a work excuse for five days and light-duty work for one week. Mr. Lara returned to full-duty work on November 23. Because of his continued pain, Medical Care referred Mr. Lara to pain management.

1

Dr. Michael Wilkinson, a pain management specialist, administered two facet injections, but his pain did not improve. Dr. Wilkinson referred Mr. Lara to a neurosurgeon.

Mr. Lara saw neurosurgeon Dr. Jim Brasfield, who ran a full series of diagnostic tests including an MRI, nuclear bone scan, and EMG. The tests results were normal or showed only degenerative or chronic issues. Dr. Brasfield placed Mr. Lara at maximum medical improvement (MMI) on March 26, 2018, and stated he suffered no permanent impairment or restrictions and needed no further treatment or medication.

Despite Dr. Brasfield's opinion, Mr. Lara continued to suffer pain and requested additional medical treatment. Eventually, Progress Rail sent Mr. Lara to another neurosurgeon, Dr. Travis Burt, for an examination in March 2019. Dr. Burt reviewed Mr. Lara's prior medical records and examined him. He agreed with Dr. Brasfield that Mr. Lara did not suffer any impairment and that his current complaints did not relate to the November 17, 2015 incident.

Mr. Lara argued that his back still hurt and he could not easily perform daily functions. He blamed Progress Rail for not taking his injury seriously. He requested payment of prior medical treatment, continued medical treatment, plus temporary total and/or temporary partial disability for the time period between his return to work and when Dr. Brasfield placed him at MMI.

Progress Rail agreed to pay past medical bills incurred on November 23, 2015, April 8, 2016, April 25, 2016, June 11, 2018, August 7, 2018, and August 21, 2018. It argued that Mr. Lara had not proven that his current need for medical treatment relates to his work injury or that he was entitled to temporary disability benefits.

### Findings of Fact and Conclusions of Law

Mr. Lara has the burden of proof on all elements of his claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At this stage, he need not prove every element of his claim by a preponderance of the evidence to obtain relief, but he must present sufficient evidence that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2018).

The Court understands Mr. Lara has pain that affects his daily life, but the medical records indicate that he is at MMI, his current complaints do not relate to the November 17, 2015 incident, and any issues from his work incident have resolved. An injured employee is entitled only to medical treatment that is made reasonably necessary due to a work injury. Tenn. Code Ann. § 50-6-204(a)(1)(A). Mr. Lara did not present any medical opinion that he needs medical treatment due to the work incident. Thus, the Court holds he is not likely to succeed at trial in proving the need for additional medical treatment.

2

Concerning temporary disability benefits, the evidence shows that the providers at Medical Care took Mr. Lara off work for five days, and he was under light-duty restrictions for only one week. Mr. Lara did not provide any other work excuses or provide evidence that Progress Rail failed to accommodate his restrictions. No temporary disability benefits are due to an employee for the first seven days of disability. Tenn. Code Ann. § 50-6-206(a). Because Mr. Lara only missed five days of work, he is not entitled to temporary total disability benefits. Since his restrictions only lasted one week, he is not entitled to temporary partial disability benefits. Thus, the Court finds he is not likely to succeed at trial in proving he is entitled temporary total or partial disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Lara has not demonstrated he is presently entitled to medical treatment for his back injury under Tennessee Code Annotated section 50-6-204. Therefore, his request for medical treatment is denied at this time.

2. Mr. Lara's request for temporary total or partial disability benefits is denied at this time.

3. This matter is set for a Status Hearing on September 16, 2019, at 10:00 a.m. Eastern Time. You must call 855-543-5044 toll-free, to participate. Failure to call may result in a determination of the issues without your participation.

**ENTERED May 13, 2019.**

/s/ Brian K. Addington
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**Appendix**

Exhibits:
1. Mr. Lara's affidavit
2. Wage Statement
3. Medical Bills (collective)
4. Medical records of Medical Care, PLLC
5. Medical records of PMA Surgery Center, LLC
6. Medical records of Tri Cities Spine
7. Pay stubs from November 5, 2015 through June 2, 2016

8. Mr. Lara's earnings record from November 13, 2014 through November 17, 2016
9. Letter of resignation
10. Medical records of Dr. Jim Brasfield
11. Dan Salmon's affidavit
12. Medical records of Highlands Neurosurgery
13. Scott Jagger's affidavit

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Motion to Amend Dispute Certification Notice
5. Supplement to Motion to Amend Dispute Certification Notice
6. Motion to Extend Expedited Hearing Deadlines
7. Notice of Filing of Wage Statement
8. Progress Rail's Witness List for the Expedited Hearing
9. Employer's Position Statement
10. Motion to Exclude Exhibits Submitted by Israel Lara
11. Order Denying Motions to Amend Dispute Certification Notice

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Order was sent to the following recipients by the following methods of service on May 13, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Israel Lara, Employee | X | | X | 3121 W. Walnut St. #2 Johnson City, TN 37604 napomusono08@hotmail.com |
| Eric Shen, Employer's Attorney | | | X | eric.shen@libertymutual.com |

PENNY SHRUM, COURT CLERK
wc.courtclerk@tn.gov

4



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

- ☐ Temporary disability benefits
- ☐ Medical benefits for current injury
- ☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____    SF#: _____    DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                          RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

    Groceries        $ _____ per month      Telephone    $ _____ per month

    Electricity        $ _____ per month      School Supplies $ _____ per month

    Water           $ _____ per month      Clothing      $ _____ per month

    Gas             $ _____ per month      Child Care   $ _____ per month

    Transportation  $ _____ per month      Child Support $ _____ per month

    Car             $_____ per month

    Other          $ _____ per month (describe: _____ )

10. Assets:

    Automobile         $ _____      (FMV) _____

    Checking/Savings Acct. $ _____

    House              $ _____      (FMV) _____

    Other              $ _____      Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                               RDA 11082